IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NO.05-01 |
| | : | |
| DAMIEN GIBBS | : | |

### DEFENDANT'S PRETRIAL MOTION TO SUPPRESS EVIDENCE

Defendant, by his attorney, James F. Brose, Esquire, hereby moves this Honorable Court to suppress all evidence gathered by the United States pursuant to the unlawful search and seizure of the defendant and his vehicle on December 22, 2004, and pursuant to the unlawful search and seizure of the residence at 505 Burton Village Apartments on the same date. In support thereof defendant alleges the following:

1. On December 22, 2004, at approximately 1:14 p.m., three Drug Enforcement Agency task force officers (hereinafter "TFO") arrested defendant when he exited a food store in Millsboro, Delaware.

2. Defendant was arrested for making prior drug deliveries to a confidential informant.

3. Based on information they received, the task force officers believed defendant was in the process of making another drug delivery when they arrested him. Immediately following the defendant's arrest, TFO Marzec conducted a warrantless search of defendant's automobile in the food store parking lot. TFO Marzec located 40 gross grams of suspected crack cocaine in the defendant's vehicle.

4.    After defendant's arrest he was transported to the Millsboro Police Department where he was interviewed and allegedly given his Miranda Warnings.    Defendant was then transported to two other police stations before allegedly informing police he knew where additional cocaine could be located.

5.    The aforementioned task force officers accompanied defendant to an apartment at 505 Burton Village Apartments. Defendant led the officers to a jacket in a closet in a bedroom of the apartment where the officers found two more bags of suspected crack cocaine and one bag of powder cocaine.

6.    Defendant contends the warrantless search of his vehicle on December 22, 2004 was made without probable cause and was therefore was in violation of the Fourth and Fourteenth amendments of the United States Constitution and Article 1, Section 6 of the Delaware State Constitution.

7.    Defendant contends that the statements he made following his arrest were made under duress and coercion, or were made on the condition of a promise that law enforcement officers have breached by charging him with the additional cocaine found at the 505 Burton Village Apartments.

8.    Defendant contends he had no authority to consent to the search of the apartment at 505 Burton Village Apartments because he was not a tenant at that residence.

9.    All evidence, including physical evidence and statements, gathered by federal and state law enforcement officials subsequent to the unlawful search of defendant's

vehicle is direct fruit of the poisonous tree and should be excluded from evidence in the trial of defendant.

10. All evidence gathered by federal and state law enforcement officials subsequent to defendant's involuntary and unlawful consent to search the apartment at the Burton Village Apartments is direct fruit of the poisonous tree and should be excluded from evidence in the trial of defendant.

WHEREFORE, Defendant requests this Honorable Court to exclude all evidence, including physical evidence and oral statements, gathered by state and federal law enforcement authorities after defendant was arrested on December 22, 2004. Further, Defendant requests an evidentiary hearing on the matter.

Respectfully Submitted,

/s/ James F. Brose
James F. Brose, Esq.
206 South Avenue
Media, PA  19063
610-891-1989

CERTIFICATION OF SERVICE

I, James F. Brose, hereby certify that I caused to be electronically filed a copy of the foregoing documents with the Clerk of Courts using CMECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

David Hall, Esq.
United States Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899-2046

Date: April 25, 2005          /s/ James F. Brose

4