Filed in open Court 6/10/05

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JUN 10  AM 10: 04

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Action No. 05-01-KAJ |
| DAIMYON GIBBS, | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney, and James Brose, Esq., attorney for the defendant, Daimyon Gibbs, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count I of a one count Information, waiving prosecution by indictment, charging him with knowingly possessing with the intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

2. The maximum penalty is life imprisonment (including a mandatory minimum of 10 years), lifetime supervised release (including a mandatory minimum of eight years), a $4,000,000 fine, and a $100 mandatory special assessment. Defendant acknowledges that the government has filed an Information Pursuant to 21 U.S.C. § 851, and that he is subject to the enhanced statutory penalties set forth in Title 21, United States Code, Section 841, by virtue of his prior conviction for a felony drug offense.

3. The defendant understands that if he were to proceed to trial on Count I of the

Information, charging a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly possessed, (2) more than five grams, (3) of a substance containing a detectable amount of cocaine base ("crack"), (4) with the intent to distribute.

4. The defendant knowingly, voluntarily, and intelligently admits that on December 22, 2004 2004, he knowingly possessed approximately 34 grams of cocaine base ("crack") with the intent to distribute.

5. Based on the defendant's actions to date, the United States agrees that the Court should grant a three-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6. The defendant agrees to pay a $100 special assessment at the time of sentencing.

7. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the

sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea. The parties stipulate and agree that, pursuant to Sentencing Guidelines Section 2D1.1, the base offense level for Count I is 28.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

10. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely

recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

|  |  |
|---|---|
| _____<br>James Brose, Esq.<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>BY: _____<br>David L. Hall<br>Assistant United States Attorney |
| _____<br>Daimyon Gibbs<br>Defendant | Dated: 10 JUNE 2005 |

**AND NOW** this 10th day of June, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Kent A. Jordan
United States District Court
District of Delaware