UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

DAIMYON GIBBS,
    Petitioner,

v

UNITED STATES OF AMERICA,
    Respondant.

Crim.No. 1:05-CR-0000-001



FILED
JAN 1 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## WRIT OF HABEAS CORPUS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BASED ON PETITIONER'S CLAIM OF ACTUAL INNOCENCE OF SENTENCE

NOW COMES the petitioner, pro se., motion to vacate, set aside or correct his sentence, prusuant to 28 U.S.C. § 2255 - on the grounds of "actual innocence" having been unconstitutionally sentenced by essential facts and evidence not proven beyond a reasonable doubt at sentencing.

### FACTS

On December 22, 2004, the petitioner was arrested and charged in federal court in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). In June 2005, the petitioner plead guilty to distributing 34.2 grams of cocaine base. The Court after PSI review determined the offense level to be 32, gave the petitioner a 3-point reduction for acceptance of responsibility, which provided a offense level of 29. On October 11, 2005 the court sentenced the petitioner to 121 months imprisonment. No appeal was filed.

1

## JURISDICTION AND AUTHORITY

The petitioner's claim is not subject to waiver, preclusion or procedural bar by the Anti Effective Terrorisom Death Penalty Act of 1996 where his claim is [actually innocence of sentence]. A procedural default in the court will bar federal habeas review unless the petitioner can either: (1) show cause for the default and actual prejudice as a result of a constitutional violation, or (2) demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice," COLEMAN, U.S. 750, 111 S.Ct. 2546, or in other words, an unjust incarceration. See, MURRAY, 477 U.S. 496, 106 S.Ct 2639, ("In an extraordinary case, [Fed.Crim.Rule 18 § 3582(i)] where a constitutional violation has probably resulted in the conviction or plea of one who is actually innocent of an unjust sentence, a [writ of habeas] may[be] granted even in the absence of a showing of cause for the procedural default. SMITH v COLLINS, 977 F.2d 951, 958-59(1992), "assuming actual innocence exeption extends to noncapital sentencing procedures.

The United States Supreme court as recognized that it is an [unacceptable] deviation for our fundamental system of justice to automatically prevent the assertion of actual innocence simply because the defendant has not observed procedural avenues available to him", ENGLE v ISAAC, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783(1982).

Where the petitioner shows by clear and convincing proof that he is actually innocent of the conduct on which his sentence is based, see SPENCE v GREAT MEADOW, 219 F.3d 162, the incarceration is fundamentally unjust and the misscarriage of justice [exception] to the procedural default bar applies," U.S. v MAYBECK, 23 F.3d 888.

2

## ARGUMENT

The petitioner contends that although the evidence was sufficient to substain his conviction for distributing 50 grams or less of cocaine base, for the purposes of sentencing the evidence was not sufficient, where the government did not prove that the substance distributed was smokable and did not prove it was [crack]. See <u>U.S. v BRISBANE, 367 F.3d 910(DC.Cir.2004)</u>. "A sentence for distributing cocaine base, which is not supported by sufficient evidence that the drugs involved were cocaine base is a "fundamental miscarriage of justice," <u>COLEMAN, 501 U.S. 750, 111 S.Ct. 2546,</u> or in other words, an unjust incarceration of one who is actually innocent of the sentence.

Within the Sentencing Guidelines a quantity of "cocaine base" will trigger much stiffer penalties than an equivalent quantity of "cocaine." See, <u>APPENDI v NEW JERSY, 530 U.S. 466, 120 S.Ct. 2348, 147 L.ED.2d 435</u> (2000), the Court held that "any fact that increases the penalty for a crime, must be sumitted to a jury and proved beyond a reasonable doubt." In <u>BLAKELY vs WASHINGTON, 124 S.Ct. 2531(2004)</u>, the Court further ruled that all facts essential to a sentence, that trigger stiffer penalties, must be proven before a jury.

A certain quantity of "cocaine base" will trigger much stiffer penalties that an equivalent quantity of "cocaine", it salts, optical and geometric isomers, and salts of isomers. "Compare <u>21 U.S.C. 841 (b)(1)(A)(ii)(11) & (B)(ii)(11)(subsection (ii)")</u> with <u>21 U.S.C. 841 (b)(1)(A)(iii) & (B)(iii)(subsection (iii)"</u>, the ambiguous issue within the Sentencing Guidelines, is that chemically "cocaine" and "cocaine base" mean the same thing. See, United States Sentencing Commission, COCAINE AND FEDERAL SENTENCING POLICY 5-6(2000)("Sentencing Commission Report").

3

Among other measures, the statute purported to impose much higher sentences for crack than for cocaine, its salts.." that again trigger various penalty tiers. But rather than describing crack by street name or manufacturing process, the statute established lower thresholds for any "mixture containing cocaine base". Because "cocaine" and "cocaine base" carry the same chemical meaning (the word "base" merely refers to the fact that cocaine is a base), the statute is unquestionably ambiguous providing two different sets of penalties for the same offense. In the face of this ambiguity the rule of lenity applies. See, **STAPLES v. U.S., 511 U.S. 600,619,n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608(1994)** (rule of lenity requires that "ambiguous criminal statute[s]...be construed in favor of the accused"). The rule of lenity is applicable when there is a "grievous ambiguity or uncertainty in the language and structure of the [statute]." **HUDDLESTON v U.S.,415 U.S 814,831, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974).** As in this case the rule of lenity would suggest imposition of the lower sentence, **U.S. v RAY, 21 F.3d 1134(1994).**
On January 12, 2005, the United States Supreme Court make clear the Federal Sentencing Guidelines were unconstitutional as written, severed the sections of the act that imposed the Guidelines as mandatory and declared the Guidelines advisory only - "having no mandatory features", **U.S. v BOOKER, 125 S.Ct. 738, (2005)WL50108, 2005 U.S. LEXIS 628(2005).** In light of the BOOKER ruling that the binding Federal Guideline system is unconstitutional, means the petitioner, who was sentence under that binding system, was unconstitutionally sentenced.

The petitioner submits in light of Supreme Courts rulings in APPRENDI, BLAKELY, BOOKER and FANFAN, compounded by BRISBANE, this court erred in finding that the petitioner had distributed "cocaine base" without proving the essential fact that the drugs involved were "cocaine base"

4

beyond a reasonable doubt. Therefore, the petitioner claims [actual innocence] of the sentence imposed by the Court for a crime he did not commit, and his sentence is an miscarriage of justice.

A sentence that rest on "improper or inaccurate" information that is "materially untrue" violates. [Due Process], DORSZNSKI v U.S., 418 U.S. 424, 431(1974); TOWNSEND v BURKE, 334 U.S. 736,741(1948); See, U.S. v CAMPBELL 684 F.2d 141, 152-53(1982). "In the absence of clearly identified factors, careful analysis of the evidence must be considered when depriving a person of his or her liberty", U.S. v MYERS, F.Sup.2d, 2005 WL165314(2005). "The Constitution protects every criminal defendant against conviction, except upon proof beyond a reasonable doubt of [every fact] necessary to constitute the crime which he is charged," WINSHIP, 397 U.S. 358, 25 L.Ed.2d 368.

The actual innocence claim focus[s] on the reliability of those facts that make the defendant eligible for a harsher sentence. When transporting the concept of "actual innocence" to sentencing, the Supreme Court has required that the legal error the defendant raise must have caused an actual error in determining guilt or eligibility for sentence, by "preclud[ing] the development of true facts [or] result[ing] in the admissions of false ones," SMITH v MURRAY 477 U.S. 527, 537-38, 106 S.Ct. 2661, 91 L.Ed.2d 434(1986). "Giving the petitoner an opportunity to make a habeas showing on collateral review, will prevent a clear quintessential miscarriage of justice; of a person being punished for an act he did not commit ," SAWYER, 505 U.S. 340, 112 S.Ct. 2514.

The petitioner avers that his conviction for distributing less than 50 grams of "cocaine base", was not supported by sufficient evidence that drugs involved was "cocaine base"(crack). 28 U.S.C. § 2106 - "A criminal judgment to reduce the conviction to that of lesser included offense,

5

where the evidence fails to support the essential elements of the crime which the petitioner was charged, can be exercised by the Court without causing any undue prejudice to the defendant".

The petitioner's sentence of 121 months weighed highly upon his plea to distributing "cocaine base", 21 U.S.C. § 841(a)(1), requiring a base offense level of 32. The petitioner contends that this level should be reduced to reflect the sentencing guideline for the equivalent quantity of the lesser included offense of "cocaine", placing the offense level at 14 and providing for a sentence of 27 to 33 months; U.S.S.G. 2004.

## CONCLUSION

"If the Court finds that the sentence imposed is open to collateral attack or an infringement of the Constitutional Rights of the prisoner has occurred, the Court shall vacate and set the judgment aside", - <u>21 U.S.C. § 2255.</u> Accordingly, it is respectfully requested that the court vacate the petitioner's conviction for distributing "cocaine base" and remand with instructions to enter a judgment of conviction for distributing "cocaine" and to sentence accordingly.

Respectfully Submitted,

_Daimyon Gibbs_  Date: 1/9/06
Daimyon Gibbs
Reg.No. _____
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA., 17887

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the forgoing Motion have been mailed first class, postage prepaid to:

>Office Of the District Attorney
>United States District Court
>Chase Manhatten Centre
>1201 Market Street, Suite-1100
>Wilmington, Del., 19899-2046

on this  9th  day of  January ,2006

>*Daimyon Gibbs*
>Daimyon Gibbs
>Reg.No. 04935-015
>U.S.P. Allenwood
>P.O. Box 3000
>White Deer, PA., 17887









DAIMMON GIBBS #04935-015
U.S.P. ALLENWOOD
P.O. BOX 3000
WHITE DEER, PA - 17887

Clerk Of The Court
United States District Court
844 North King Street,
Wilmington, DE - 19801

LEGAL MAIL

CERTIFIED MAIL

7003 3170 0005 1296 7404