IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Crim. Act. No. 05-01 (KAJ) |
| v. ) | |
| ) | Civ. Act. No. 06-23 (KAJ) |
| DAIMYON GIBBS, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## GOVERNMENTS RESPONSE TO DEFENDANT'S §2255 PETITION

The United States responds to Defendant Daimyon Gibbs Petition pursuant to Title 28 U.S.C. Section 2255, as follows.

**Timeliness**

1.  The Defendant's Section 2255 Petition is timely. It was filed on or about January 13, 2006, within one year of his October 11, 2005 sentencing and his October 17, 2005 judgment of conviction.

**Procedural Background**

2.  Gibbs was arrested on December 22, 2004. On June 10, 2005, defendant entered a guilty plea to a one count Information charging possession with the intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). See Exhibit A (Plea Agreement) and Exhibit B (Transcript of Change of Plea Hearing). On October 11, 2005, this Court sentenced defendant to 121 months

incarceration, eight years supervised release, and a $100 mandatory special assessment, having calculated an offense level of 29 and a Criminal History Category of IV. Exhibit C (Transcript of Sentencing Hearing) at 15, 17. The Court's Guidelines calculation was based on a finding that Gibbs' relevant conduct involved a total of 98.9 grams of "crack" cocaine: 34.2 grams found in Gibbs' car, 42 grams found in his aunt's apartment (along with 38.7 grams of powder cocaine), and 22.7 grams purchased by a confidential informant. Presentence Investigation Report at paragraphs 9-16, 20-23. Gibbs did not appeal.

**Issue Raised**

4.  Gibbs alleges in his Section 2255 petition that he was sentenced in violation of *United States v. Booker*, 125 S.Ct.738 (2005), because at the sentencing hearing the Court found that the 98.9 grams of controlled substance for which Gibbs was responsible was in fact "crack" cocaine. Br. at 3 - 4.

**Argument: Gibbs' Petition is Barred.**

5.  Gibbs' claim is barred by waiver because: (a) he did not raise it before the sentencing Court, and (b) he did not appeal.

6.  The Court's finding that the substances in question were "crack" was never disputed by Gibbs until the present petition. In his plea agreement, Gibbs expressly admitted that the substance seized from his car was "crack" cocaine: "The defendant knowingly, voluntarily, and intelligently admits that on December 22, 2004 2004 [sic], he knowingly possessed approximately 34 grams of cocaine base ("crack") with the intent

to distribute." Exhibit A at paragraph 4. At his guilty plea hearing, Gibbs agreed under oath that the 34 grams seized from his car was "crack" cocaine. Exhibit B at 7-9, 17. And, at his sentencing hearing, Gibbs did not object to the finding in the Presentence Investigation Report that the 98.9 grams of seized controlled substances were in fact "crack" cocaine.[1] Exhibit C at 2-5.

7. Gibbs did not appeal. Failure to have raised a claim litigable on direct appeal generally results in a procedural bar to litigating that issue in a §2255 proceeding unless the petitioner can establish "cause [for not filing] and actual prejudice". *United States v. Frady*, 456 U.S. 152, 167-168 (1982). Gibbs has not shown either cause or prejudice for his failure to raise this issue before filing the present petition.

### Argument: Gibbs' Petition is Frivolous.

8. As to the merits, Gibbs' claim is frivolous for two reasons. First, as discussed above, he is objecting to factual conclusions he did not dispute. Second, while the *Booker* decision rendered the Sentencing Guidelines non-mandatory, it did not hold that sentencing courts were no longer permitted to make findings beyond the scope of the facts of conviction to calculate the Sentencing Guidelines range. Indeed, such judicial fact finding has been upheld by the Third Circuit Court of Appeals. *United States v. Miller*, 417 F.3d 358, 362-363 (3d Cir. 2005). *See also United States v. Cooper*, 437 F.3d 324, 330

---

[1] Gibbs objected at sentencing to the inclusion in the Guidelines calculation of seized quantities beyond the 34 grams of "crack" stipulated in the plea agreement. He also objected to the criminal history calculation. Exhibit C at 2-5, 8. But he did not contend that the controlled substances were in fact not "crack" cocaine.

(3d Cir. 2006). Therefore, the Court did not violate *Booker* by engaging in judicial fact-finding to conclude that Gibbs possessed "crack" cocaine.[2]

**Argument: No hearing is necessary.**

9. The United States is mindful that the Third Circuit has recently expressed a preference for holding evidentiary hearings on ineffective assistance of counsel claims. *See United States v. McCoy*, 410 F.3d 124, 132, 135 (3d Cir. 2005) (holding that District Court should have held evidentiary hearing on both prejudice and performance prongs of the ineffective assistance of counsel claims presented in that case). However, since the available records show conclusively that Gibbs is not entitled to relief, the government recommends the petition be denied without a hearing. *See United States v. Nino*, 878 F.2d 101, 103 (3d Cir. 1989).

**WHEREFORE**, the government respectfully requests that the Court deny the defendant's Section 2255 Petition.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: David L. Hall
David L. Hall
Assistant United States Attorney

Dated: May 8, 2006

---

[2] Gibbs comments that he was sentenced under a "binding" Guidelines regime. Br. at 4. This, of course, is incorrect. *Booker* was in effect at the time of Gibbs' guilty plea and sentencing. The plea agreement makes this clear (Exhibit A at paragraph 10), as does Gibbs' counsel's statement at sentencing: "We also understand the Guidelines are advisory . . ." Exhibit C at 3.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Crim. Act. No. 05-01 (KAJ) |
| v. ) | |
| ) | Civ. Act. No. 06-23 (KAJ) |
| DAIMYON GIBBS, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## CERTIFICATE OF SERVICE

I, Jennifer Brown, an employee of the Office of the United States Attorney for the District of Delaware, hereby certify under penalty of perjury that on this 8th day of May, 2006, I served the foregoing:

## GOVERNMENT'S RESPONSE TO DEFENDANT'S §2255 PETITION

by causing two copies of said document to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to pro se defendant/petitioner as follows:

Daimyon Gibbs
Reg. No. 04935-015
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA  17887

/s/Jennifer Brown
Jennifer Brown