IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAIMYON GIBBS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Crim.No. 05-01 (KAJ)

Civ.No  06-23(KAJ)

FILED
JUN - 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## DEFENDANT'S RESPONSE TO GOVERNMENTS OPPOSITION MOTION

NOW COMES the petitioner response to the governments opposition to the petitioners Title 28 USC § 2255 motion.

### Timeliness

1. The § 2255 was timely, having been filed within the one year time period.

### Procedural Background

2. The petitioner was arrested on December 22, 2004. On June 10, 2005, the petitioner entered a guilty plea to o single count of information charging possession with the intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic controlled substance, in violation of 21 USC §§841(a)(1) and 841(b)(1)(B). On October 11, 2005, this Court sentenced defendant to 121 months incarceration, eight years supervised release, and a $100.00 mandatory assessment.

**Issues Raised**

3.  The government improperly stated that the petitioner raised a single issue using US v Booker, 125 S.Ct. 738(2005), when in fact the petitioner raised multiple issues. (a) the unconstitutional enhancements to his sentence, (b) the ambiguousness of the definition of "crack", (c) the Doctrine of Lenity, (d) the fact that his sentence was based on evidence not proven before a jury, (e) the use of the U.S.S.G. with no mandatory features, (f) the "unreasonableness" of the sentence imposed upon the petitioner. Further, the petitioner did not cite a single case of BOOKER to support his claims. Cases cited were Apprendi v New Jersey, 120 S.Ct. 2348(2000), Blakely v Washington, 124 S.Ct. 2531(2004), Coleman v US, 111 S.Ct. 2546, and Brisbane, 367 F.3d 910(D.C.Cir.2004).

**Argument: Government argues petition is barred by waiver.**

4.  The petitioner's claims was not subject to waiver, preclusion of procedural bar by the AETDPA of 1996 when his claim is "actual innocence" of sentence. The petitioner instructed his defense counsel to raise this issue and to file an appeal. Defense counsel provided ineffective assistance of counsel in this area, by failing to take the appropriate course of legal actions. The government stated that the petitioner admitted that he posessed "crack" so he knew it was "crack". The petitioner avers that at one time people thought the world was 'flat' and believed in that 'flatness'...onced it was proved that the world was round, what was once a solid belief became unreal. The governments definition of "crack" is an unresolved ambiguous issue, which the petitioner contends if unreal.

2

The government claims the petition is subject to procedural bar because the petitioner did not raise this issue on direct appeal... ...generally. that may be the case but not always. The United States Supreme Court held in Engle v Isaac, 103 S.C. 1558(1982), "that it is an [unacceptable] devioation for our fundamental system of justice to automatically prevent the assertion of 'actual innocence' simply because a defendant has not observed procedureal avenues available to him.

**Argument: Government states motion is frivolous.**

5.  No argument which demonstrates that the Constitutional righs of a petitioner has been violated can be frivolous. The petitioner finds that word 'frivolous' to be highly used when it wants to sway the courts decisions without having to address the facts. The government states that BOOKER did not hold that sentencing courts were no longer permitted to make findings beyond the scope of the facts of conviction, however the government erred in its failure to recognize that this issue was remedied by Apprendi v New Jersey and Blakely v Washington.

**The Government state that no hearing is necessary.**

The petitioner contends that an hearing would be necessary if he were to prevail in his claims, in order to be re-sentenced procedually.

**SPECIAL NOTE:** The government mis-numbered its paragraphs, no paragraph 3 exist. Therefore, the petitioners responses are not syncronized.

### CONCLUSION

**WHEREFORE,** the petitioner respectfully request that this Court not deny his § 2255.

Respectfully Submitted,

_Daimyon Gibbs_
Daimyon Gibbs
Fed.No. 04935-015
USP Allenwood
P.O. Box 3000
White Deer, PA - 17887

### CERTIFICATE OF SERVICE

I HEREBY CETIFY that a copy of the foregoing motion was mailed first class, postage prepaid to:

> Office of the District Attorney
> Chase Manhatten Centre
> 1201 Market Street, Suite-1100
> Wilmington, Del., 19899-2046

on this 26 day of May, 2006.

_Daimyon Gibbs_
Daimyon Gibbs #04935-015
USP Allenwood - PO Box 3000
White Deer, PA   17887

Dainyon Gibbs
#04935-01
F.P.C. Allenwood
P.O. Box 3000
White Deer, PA 17887

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

7003 3170 0006 1298 7013

CERTIFIED MAIL

U.S.M.S. X-RAY

Legal Mail