IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAIMYON GIBBS, | : | |
| Movant/Defendant, | : | |
| v. | : | Civ. A. No. 06-23-JJF |
| | : | Cr. A. No. 05-01-JJF |
| UNITED STATES OF AMERICA, | : | |
| Respondent/Plaintiff. | : | |

**MEMORANDUM OPINION**[1]

---

Daimyon Gibbs. Pro se Movant.

David Hall, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for Respondent.

---

March 5, 2008
Wilmington, Delaware



FILED

MAR 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1]This case was originally assigned to the Vacant Judgeship, and was re-assigned to the undersigned on January 30, 2008.

**Farnan, District Judge**

Federal prisoner Daimyon Gibbs ("Movant") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 45.) Respondent filed an Answer in opposition. (D.I. 52.) For the reasons discussed, the Court will deny Movant's § 2255 motion without holding an evidentiary hearing.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On June 10, 2005, Movant pled guilty to a one count Information charging him with intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). On October 11, 2005, after conducting a sentencing hearing and determining that Movant had a Total Offense Level of 29 and a Criminal History Category of IV, the Honorable Kent A. Jordan sentenced Movant to 121 months of incarceration, eight years of supervised release, and a $100 mandatory special assessment. (D.I. 41.)

Movant did not appeal his conviction or sentence. Rather, he timely filed the instant § 2255 Motion. Respondent filed an Answer in opposition, and Movant filed a Response. (D.I. 52; D.I. 53.) Movant's § 2255 Motion is ready for review.

1

## II. PROCEDURAL DEFAULT

It is well-settled that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). When a federal prisoner fails to raise a claim on direct review, the claim is procedurally defaulted, thereby preventing collateral review of the claim absent a showing of cause for the default and actual prejudice resulting therefrom, or that failure to consider the claim will result in a miscarriage of justice because the Movant is actually innocent. Id. at 622; United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993)(holding that "Frady's cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed.").

To demonstrate cause for a procedural default, a prisoner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Actual prejudice is demonstrated by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494. Finally, to establish actual innocence, the

2

movant must show that "'in light of all the evidence' . . . it is more likely than not no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. In addition, actual innocence means factual innocence, not mere legal insufficiency. Id.

### III. DISCUSSION

Movant asserts two related challenges in his § 2255 Motion. First, he contends that Respondent failed to prove that the drugs involved were, in fact, crack, as opposed to cocaine, and therefore, he is "actually innocent" of the crime to which he pled guilty. Second, Movant contends that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005) because it is based on an erroneous drug identity not admitted in his plea agreement.[2]

Respondent argues, and Movant concedes, that the claims are procedurally defaulted due to Movant's failure to raise them on direct appeal. Movant provides two reasons as to why the Court should review the merits of his claims. First, in his Response to the Government's Answer, Movant attempts to establish cause for his default by blaming counsel for the failure to present the claims on direct appeal. It is well-settled that attorney error

---

[2]Movant's § 2255 Motion also asserts that his sentence violates Blakely v. Washington. (D.I. 45.) However, the issue Movant raises challenges the application of the federal sentencing guidelines and is more appropriately raised pursuant to Booker. See Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005). Therefore, the Court will consider the claim as solely raising Booker and Apprendi violations.

3

can constitute cause for a procedural default if the error rises to the level of constitutionally ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Coleman v. Thompson, 501 U.S. 722, 753 (1991). However, after reviewing this allegation of attorney error in context with the record,[3] the Court concludes that Movant's statement regarding counsel's performance is specious and fails to constitute cause for his default.[4]

Second, Movant argues that the Court should ignore his procedural default and review the merits of his claims because he is "actually innocent." In essence, Movant is asking the Court to review the two claims in order to avoid a "miscarriage of justice." To establish "actual innocence" sufficient to excuse a

---

[3]Movant's initial § 2255 Motion demonstrates Movant's comprehension of the procedural default doctrine and his awareness that he could attempt to avoid his procedural default by establishing cause and prejudice, or a miscarriage of justice. Nevertheless, Movant's § 2255 Motion does not raise the issue of counsel's performance, either as a way of demonstrating cause, or as an independent claim; instead, the Motion focuses on his claims of "actual innocence" as a way to bypass his procedural default. It is only in his Response to Respondent's argument that Movant's claims of actual innocence are frivolous and defaulted that Movant blames counsel as a way to provide "cause" for his procedural default.

[4]Although the Court concludes that it cannot excuse Movant's procedural default and proceed to the merits of Movant's two "actual innocence" claims on the basis of the instant ineffective assistance of counsel assertion, the Court does actually review the merits of Movant's two "actual innocence" claims during its discussion of Movant's attempt to avoid the procedural default under the "miscarriage of justice" doctrine.

4

procedural default under the "miscarriage of justice" doctrine, a prisoner generally must: (1) assert "new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," Hubbard v. Pinchak, 378 F.3d 333,339-40 (3d Cir. 2004); and (2) prove that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). In this case, because the "actual innocence" allegations asserted by Movant in an attempt to avoid the consequences of his procedural default are identical to the two substantive claims presented in his § 2255 Motion, the Court must necessarily consider the merits of Movant's two substantive claims in order to determine if he has satisfied the actual innocence/miscarriage of justice exception to the procedural default doctrine.[5]

### A. Claim One: Actual Innocence With Respect To Conviction

Movant contends he is "actually innocent" of the crime to which he pled guilty (possession with intent to distribute a mixture containing more than 5 grams of crack) because the

---

[5] The Court recognizes that the Supreme Court has declined to address the issue left open in Herrara v. Collins, 506 U.S. 390 (1993) as to whether a habeas petitioner may bring a freestanding claim of actual innocence in a non-capital case. See House v. Bell, 547 U.S. 518 (2006). Here, although Movant's two substantive claims are couched in terms of "actual innocence," the claims actually challenge the identity of the drugs and whether the finding regarding the quantity of the drugs violated his Sixth Amendment rights.

5

Government "did not prove that the substance distributed was smokable and did not prove it was crack." (D.I. 45, at p. 3.) The Court rejects this argument for the following reasons.

First, in his plea agreement, Movant stipulated his possession of 34 grams of crack cocaine base with intent to distribute, and he admitted to possessing 34 grams of crack cocaine base during his plea colloquy. (D.I. 51, at p. 16.) Movant does not challenge the legality of that agreement or stipulation, nor does he raise any challenges to his plea colloquy. Therefore, Movant's stipulation is sufficient evidence that he committed the crime charged, namely, possession with intent to distribute more than 5 grams of a mixture containing a detectable amount of crack cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).

Second, although Movant challenged the **quantity** of crack used to establish his Base Offense Level during his sentencing hearing (98 grams as opposed to 34.9 grams), Movant never once challenged the **identity** of the substance seized or the Government's statement during sentencing that all of the 98 grams seized were crack.[6] In fact, Movant admitted his possession of

---

[6]The PSR utilized three sets of seizures in calculating the total amount of crack cocaine at 98.9 grams. The first seizure consisted of a series of informant purchases from Movant prior to his arrest on December 22, 2004. The second seizure was the 34 grams of crack obtained from the car in which Movant was riding just before his arrest. The third seizure also occurred on the day of Movant's arrest, and consisted of 42 grams of crack from

6

34 grams of crack during his sentencing hearing, once again substantiating the stipulated facts contained in his plea agreement. See (D.I. 50, at p.2.) Accordingly, the Court concludes that Movant's identity argument does not constitute "new reliable evidence" of his actual innocence such that he can avoid application of the procedural default doctrine, nor does it present a viable free-standing actual innocence claim.

### B. Claim Two: Actual Innocence With Respect To Sentence

In Claim Two, Movant contends that he is "actually innocent" of his sentence for possession and distribution of crack cocaine base pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005) because he did not stipulate that the total 98 grams of drugs seized were crack.[7]

---

Movant's residence. (D.I. 50, at p. 6.)

[7] Movant actually asserts that he was convicted for "distributing less than 50 grams of cocaine base," and therefore, under the argument presented in Claim Two, he should have been sentenced to 27 to 33 months of imprisonment for distributing an equivalent amount of cocaine, namely, less than 50 grams. (D.I. 45, at p. 6.) The Court cannot discern why Movant believes why he was convicted of distributing "less than 50 grams" of drugs, because the record clearly demonstrates that Movant was charged with, and convicted of, possession with intent to distribute a mixture containing more than five grams of a mixture and substance containing a detectable amount of cocaine base ("crack").

However, the Court concludes that Movant is essentially challenging the finding in the PSR that, based on Movant's relevant conduct, he possessed a total of 98 grams of crack cocaine, not merely the 34 grams stipulated to in the plea agreement. For example, using the entire 98 grams of drugs seized, the PSR set Movant's Total Offense Level at 29 after a 3-level adjustment for acceptance of responsibility. Given

7

Therefore, according to Movant, his sentencing guidelines range should have been based on his possession of an equivalent amount of 98 grams of cocaine rather than on 98 grams of crack cocaine base.

In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court held that a habeas petitioner may demonstrate actual innocence by pointing to decisions issued after his conviction which hold that a substantive criminal statute does not reach his conduct. See also United States v. Davies, 394 F.3d 182, 191 (3d Cir. 2005)(explaining how, "in certain circumstances, the lack of new evidence is not necessarily fatal to an argument that the petitioner is actually innocent"). To

---

Movant's prior conviction, the PSR placed Movant in a Criminal History Category of IV, yielding a guideline range of 121-151 months.

    During Movant's sentencing hearing, Judge Jordan determined that the PSR accurately calculated Movant's Base Offense Level and his Criminal History, therefore yielding a correct guidelines range of 121-151 months. Judge Jordan specifically noted that the PSR properly calculated the Base Offense Level of 32 on a finding that Movant's relevant conduct included all the drugs seized, thereby yielding a total of 98 grams of crack cocaine, as opposed to 34 grams of crack cocaine:

> The law is pretty clear, and I'm not sure how we end up where we end up today, where the agreement is to only a portion of the quantity of the drugs involved, when relevant conduct here involves drugs past the confidential informant, drugs seized from your vehicle and drugs seized from your home, the latter two occurring the same day. . . . I can't just ignore that. I need to take account of the real world.

(D.I. 50, at p. 15.) Then, after noting that Movant was subject to a mandatory minimum sentence of 120 months (10 years) under § 841(a) and (b), Judge Jordan sentenced Movant to 121 months of imprisonment. (D.I. 50.)

8

the extent Movant's second assertion of innocence is an attempt to fall within the special category of "actual innocence" claims recognized in <u>Bousely</u>, the Court concludes that Movant has failed to demonstrate "actual innocence" on this basis. First, the <u>Booker</u> and <u>Apprendi</u> decisions were issued prior to, not after, Movant's conviction in 2005, and therefore, they do not constitute "post-conviction decisions" capable of triggering this particular doctrine under <u>Bousley</u>. Moreover, the decisions apply to sentencing issues and do not render Movant's offense of conviction under 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) non-criminal. Accordingly, the Court concludes that Movant has failed to overcome the procedural bar on the basis of the instant argument.

Nevertheless, even if the Court could avoid Movant's procedural default of this issue, the Court concludes that Claim Two is meritless. Pursuant to <u>Apprendi</u> and <u>Booker</u>, a district court does not violate the Sixth Amendment by relying on judge-found facts in imposing a sentence if the sentencing court recognizes the advisory nature of the sentencing guidelines and the resulting sentence does not exceed the maximum statutory sentence authorized by facts admitted by the defendant or found by a jury. <u>Booker</u>, 543 U.S. at 244; <u>United States Grier</u>, 475 F.3d 556, 565-66 (3d Cir. 2007). As explained by the Supreme Court, "[t]he relevant statutory maximum . . . [for <u>Booker</u>

9

purposes] is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose **without** any additional findings [aside from a prior conviction]." Cunningham v. California, 127 S.Ct. 856, 860 (2007)(emphasis contained in original). Simply stated, "[a]fter Booker, the statutory maximum to which Apprendi . . . refer[s] is the maximum punishment in the U.S. Code for a certain crime." United States v. Ali, 508 F.3d 136, 146 (3d Cir. 2007).

In this case, given Movant's prior felony conviction and his stipulated possession of 34.9 grams of crack cocaine base, § 841(b)(1)(B) authorized a maximum sentence of life imprisonment and required a minimum sentence of 120 months (10 years). Movant's 121 month sentence falls well below the prescribed maximum statutory sentence. Additionally, there is no dispute that Judge Jordan was aware of the advisory nature of the guidelines in sentencing Movant post-Booker.[8] Thus, there is no Sixth Amendment violation under Booker or Apprendi.[9]

---

[8] For example, Movant's guilty plea and sentencing occurred after the issuance of the Booker decision. The plea agreement explicitly acknowledges the advisory nature of the sentencing guidelines, and defense counsel stated during Movant's sentencing hearing that "we also understand the Guidelines are advisory . . . ." (D.I. 50, at p.3.)

[9] This Opinion does not address whether Movant may seek re-sentencing based on the retroactive application of the new crack cocaine sentencing guidelines in the November 1, 2007 amendments to U.S.S.G. § 2D1.1, which may be grounds for a sentencing reduction effective March 3, 2008 by operation of 18 U.S.C. § 3582(c)(2).

10

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that Movant is not entitled to relief. Therefore, the Court will deny Movant's § 2255 Motion without an evidentiary hearing.[10]

## V. CONCLUSION

For the reasons stated, the Court will deny Movant's 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence, without an evidentiary hearing. Additionally, the Court will not

---

[10] The Third Circuit's holding in Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001) does not dictate a different result. Pursuant to Solis, a prisoner who contends defense counsel failed to file an appeal on his behalf in contravention of his wishes is entitled to an evidentiary hearing to prove that he requested counsel to file an appeal and that counsel failed to act upon that request. Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001). However, a prisoner is not entitled to a hearing if the "allegations [are] contradicted conclusively by the record, or if the allegations [are] patently frivolous." Id.

In this case, Movant does not assert ineffective assistance as an independent claim. Rather, Movant raises the issue of counsel's performance as a way to avoid the Government's argument that the two § 2255 claims should be denied as procedurally defaulted. As explained in the text of the Opinion, the record conclusively contradicts Movant's two substantive claims. Therefore, an evidentiary hearing is not required.

11

issue a certificate of appealability because Movant's § 2255 Motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. <u>See</u> 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. An appropriate Order will be issued.